UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| SERVANDO EURESTE, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. C-12-61 |
| | § | |
| TARGET CORPORATION, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Before the Court are three motions: (1) "Plaintiff's Motion to Remand" (D.E. 8); (2) "Subject to Motion to Transfer Venue, Defendant Paul Broce's Rule 12(b)(6) Motion to Dismiss" (D.E. 3); and (3) Defendants' "Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A)" (D.E. 2). Plaintiff's motion (D.E. 8) is **DENIED**. Defendants' motions (D.E. 2 and 3) are **GRANTED**.

I. Background

On January 20, 2012, Plaintiff filed a negligence and premises liability suit against Defendants in County Court at Law No. 1, Nueces County, Texas. Plaintiff is a Texas citizen domiciled in the territorial jurisdiction of the Northern District of Texas. He sought personal injury damages resulting from a slip and fall that occurred at Target Store #947 in Dallas, Texas, which is also in the territorial jurisdiction of the Northern District of Texas.

On February 22, 2012, Defendants filed a Notice of Removal based on diversity jurisdiction. While Defendant Broce is a citizen of Texas, the Target Defendants (Target

Corporation and Target Stores, Inc. d/b/a Target #947) are Minnesota corporations. Defendant Broce was an employee of Target, serving as the Store Team Leader. Defendants allege that he was improperly joined and thus his citizenship should be disregarded for diversity purposes. Defendants further allege that the amount in controversy exceeds $75,000.

## II. Plaintiff's Motion to Remand

To support diversity jurisdiction under 28 U.S.C. § 1332, the case must be between parties whose citizenship is diverse and the amount in controversy must exceed the sum or value of $75,000, exclusive of interest and costs. A case may be removed if the non-diverse defendant (Paul Broce) is improperly joined. *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004), *cert. denied*, 544 U.S. 992, 125 S.Ct. 1825 (2005). To establish improper joinder, a defendant must prove that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant in state court. *Id.*; *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003).

As set forth in section III below, the Court holds that the allegations against Defendant Broce do not state an independent duty of care apart from that owed by his employer, Target, and thus there is no reasonable possibility of recovery against him. *E.g., Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). This Court finds that the joinder of Defendant Broce is improper and thus does not defeat the diversity of citizenship required for federal jurisdiction under 28 U.S.C. § 1332.

With respect to the amount in controversy, Defendants showed that they provided Plaintiff with an opportunity to state that the damages sought did not exceed $75,000

before they removed the case. Plaintiff declined. This Court offered Plaintiff a second opportunity at a status conference held on March 23, 2012. Again, Plaintiff, by and through counsel, declined.

After reviewing the Plaintiff's pleading and the categories of damages facially apparent from the claims therein, the Court finds that a fair reading demonstrates that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. Plaintiff's refusal to make any representation to the contrary shows that his motion for remand on that basis is disingenuous. The Court finds that the amount in controversy requirement is met. Therefore, Plaintiff's Motion to Remand is **DENIED**.

### III.     Defendant Broce's 12(b)(6) Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) authorizes dismissal of a complaint for "failure to state a claim upon which relief can be granted." In Texas, individual liability against an employee arises only when the employee owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996); *Gipson v. Wal-Mart Stores, Inc.*, 2008 WL 4844206 at *5 (S.D. Tex. Nov. 3, 2008). The Texas Supreme Court has extended the holding in *Leitch* to premises liability cases. *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). In *Gipson*, the court found that the Wal-Mart employee did not owe the customer a duty of reasonable care independent from the duty that Wal-Mart owed her because the actions she allegedly took were in the course and scope of her employment.

In Plaintiff's First Amended Original Petition, Plaintiff alleges that "Defendant Target is liable for the negligence of Paul Broce because he was acting as a managing

employee of Target where the injury occurred," "he was acting within the course and scope of employment," and "any acts or omissions by him are imputed to Target." Because the alleged actions taken by Defendant Broce were in the course and scope of his employment, Plaintiff has failed to show that Defendant Broce owes a duty to him separate and apart from that of the Target Defendants. Therefore, Defendant Broce is not independently liable for any acts of negligence alleged against him, and his Rule 12(b)(6) Motion to Dismiss is **GRANTED**.

### IV. Defendants' Motion to Transfer Venue

Defendant seeks transfer of the venue of this case to the United States District Court for the Northern District of Texas, stating that the events made the basis of the lawsuit occurred within the territorial jurisdiction of that Court and that the Plaintiff resides there. Plaintiff has not filed a response to this Motion and it is thus deemed unopposed under Local Rule 7.4. Therefore, "Defendants' Motion to Transfer Venue Pursuant to 28 U.S.C. § 1404(A)" (D.E. 2) is **GRANTED**.

ORDERED this 29th day of March, 2012.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE